MOLOKAI CHAMBER OF COMMERCE, a Hawai'i unincorporated association; Hoolehua Homesteaders Association, a Hawai'i unincorporated association; and Hui Hoopakela Aina, a Hawai'i unincorporated association, Plaintiffs,

v.

KUKUI (MOLOKAI), INC., a Hawai'i corporation; Kajima Engineering and Construction, Inc., a Delaware corporation; and Kiewit Pacific Co., a California corporation, Defendants.

No. 94–00530 DAE.

United States District Court,
D. Hawai'i.

April 25, 1995.

Denise E. Antolini and Lea O. Hong, Sierra Club Legal Defense Fund, Inc., Honolulu, HI, for plaintiffs.

Henry E. Klingeman, D. Scott MacKinnon, McCorriston Miho Miller & Mukai; Mark B. Desmarais, Goodsill Anderson Quinn & Stifel; and Charles W. Gall, Kobayashi Sugita & Goda, Honolulu, HI, for defendants.

*ORDER DENYING PLAINTIFFS' EX PARTE MOTION FOR LEAVE TO FILE RELATED MOTION FOR PARTIAL SUMMARY JUDGMENT*

DAVID ALAN EZRA, District Judge.

Plaintiffs filed their *ex parte* Motion for Leave to File Related Motion for Partial Summary Judgment on April 13, 1995. Defendants Kiewit and Kajima filed Memoranda in Opposition to the Motion on April 17, 1995. The court calendared a hearing and heard Defendants' motion on April 24, 1995. Denise Antolini, Esq., appeared on behalf of Plaintiffs. Mark B. Desmaris, Esq., appeared on behalf of Defendant Kajima Engineering and Construction ("Kajima"); Charles Gall, Esq., and David L. Monroy, Esq., appeared on behalf of Defendant Kiewit Pacific Co. ("Kiewit"); Scott D. Mac-

Kinnon, Esq., appeared on behalf of Defendant Kukui, Inc. ("Kukui"). After reviewing the motion and the supporting and opposing memoranda, the court DENIES Plaintiffs' motion.

## BACKGROUND

The complaint in this action was filed on July 11, 1994, alleging violations of the federal Clean Water Act, 33 U.S.C. § 1251 *et seq.* At the October 3, 1994 Scheduling Conference the magistrate judge set a February 7, 1995 deadline for the filing of all motions. This deadline was extended until February 21, 1995, pursuant to Plaintiffs' request.

Plaintiffs filed a Motion for Summary Judgment with this court on February 22, 1995. Pursuant to Local Rule 220–10, effective February 15, 1995, Plaintiffs were required to submit a Concise Statement of Facts with their Motion for Summary Judgment. Plaintiffs failed to do so, even after being specifically informed of the requirement by this court. On February 21, 1995, Defendants Kajima and Kiewit Pacific Co. both filed Motions for Summary Judgment against Plaintiffs; in accordance with Local Rule 220–10, Defendants submitted their Concise Statement of Facts at that time.

On March 24, 1995, Defendant Kajima filed a Motion to Strike Plaintiffs' Motion for Summary Judgment based upon Plaintiffs' failure to file a Concise Statement of Facts in accordance with Local Rule 220–10. On March 28, 1995, Plaintiffs filed their Concise Statement of Facts. On March 31, 1995, this court granted Defendants' Motion to Strike Plaintiffs' Motion for Summary Judgment, based upon Plaintiffs' willful noncompliance with Local Rule 220–10. In granting Defendants' Motion to Strike, this court wrote:

> During the few weeks after the new rules went into effect, this court made a practice of reminding counsel of the requirement of the concise statement, and in this case one of this court's clerks not only reminded counsel for the Plaintiffs, but actually read Rule 220–10 in its entirety to counsel on the telephone. Counsel's failure to file the concise statement until three weeks later and after Defendants' motion to strike had intervened indicates to this court a lack of

attention to the Local Rules and this court's efforts to assist counsel in compliance.

March 31, 1995 Order, at 3.

Plaintiffs now submit, along with their opposition to Defendants' Motions for Summary Judgment, an *ex parte* Motion for Leave to File Related Motion for Partial Summary Judgment. Stating that this motion is "identical" to the motion previously stricken by this court, Plaintiffs nevertheless argue that Local Rule 220–9 entitles them to file their motion as a "Related [or] Counter Motion." Local Rule 220–9.

## STANDARD OF REVIEW

District courts have broad discretion in interpreting, applying, and determining the requirements of their own local rules and general orders. *United States v. Gray,* 876 F.2d 1411 (9th Cir.1989), *cert. denied,* 495 U.S. 930, 110 S.Ct. 2168, 109 L.Ed.2d 497 (1990) (citing *United States v. DeLuca,* 692 F.2d 1277, 1281 (9th Cir.1982); *United States v. Torbert,* 496 F.2d 154, 157 (9th Cir.), *cert. denied,* 419 U.S. 857, 95 S.Ct. 105, 42 L.Ed.2d 91 (1974)).

Hawaii Local Rule 220–9 provides:

> Any motion related to the subject matter of the original motion may be filed by the responding party together with the party's opposition and may be noticed for hearing on the same date as the original motion, provided that the motions would otherwise be heard by the same judge. The opposition to related or counter motions shall be served and filed together with any reply in support of the original motion not less than eleven (11) days prior to the date of hearing. The movant on a related or counter motion shall have three (3) days after receipt of opposition within which to file and serve a reply.

## DISCUSSION

### I. Local Rule 220–9

Local Rule 220–9, a longstanding rule in this district, provides an opportunity for parties to file responsive motions without necessitating the disruption of the court's calendar. A party opposing a motion may file a

"motion related to the subject matter of the original motion" along with the party's opposition. Local Rule 220–9. The original movant may submit an opposition to the related motion along with his reply, and the party bringing the related motion may reply three days after receipt of this opposition. Through this procedure, the court can retain the hearing date set for the original motion. In the context of Rule 56(c), the procedure also gives a party responding to a motion for summary judgment an opportunity to review the motion and separate out related issues ripe for summary judgment in that party's favor.

Under Local Rule 220–9, a party making a motion is implicitly charged with having had reasonable notice and time for the preparation of the issues involved in that motion. Otherwise, forcing a party to respond to a motion seven days after it is filed would unfairly burden the original moving party. For this reason, Local Rule 220–9 applies by its terms only to motions "related to the subject matter of the original motion." A case may raise a myriad of issues. Given the time frame provided for responsive briefing in Local Rule 220–9, the focus of the related motion must be actually related to and not just loosely or generally associated with the subject matter of the original motion.

Here, Plaintiffs' related motion seeks summary judgment that Defendants committed over 450 violations of the Clean Water Act by failing to have in place a proper general permit for their construction activities. By their motions, Defendants seek summary judgment that they are entitled to the "diligent prosecution" defense, that the requested injunctive relief is moot, and that *Gwaltney v. Chesapeake Bay Foundation*, 484 U.S. 49, 57–59, 108 S.Ct. 376, 381–82, 98 L.Ed.2d 306 (1987) deprives this court of subject matter jurisdiction over this citizen suit.

Whether Plaintiffs' "related motion" is in fact sufficiently related to Defendants' motions to fall under Local Rule 220–9 depends entirely upon the differing views the parties take of this matter. For their part, Plaintiffs argue that the past violations of the Clean Water Act are relevant and defeat Defendants' arguments concerning diligent prose-

cution, mootness, and *Gwaltney*. In response, Defendants contend that past violations are irrelevant to these defenses. To decide this matter would largely decide the parties' motions, putting the cart of a determination on the merits before the horse of leave to file the "related" motion. Therefore, for the purposes of Plaintiffs' Motion, the court will assume that their motion is sufficiently related to Defendants' Motions.

However, the court pauses to note that while Plaintiffs' motion may be "related," the filing of this motion under Local Rule 220–9 distorts one of the purposes of that rule: to give a responding party an opportunity to seek summary judgment on issues involved in the other side's motion. Here, where Plaintiffs are filing a motion *identical* to the one earlier stricken by this court, they are clearly not responding to what they have found in Defendants' motions. Rather, they are merely seeking to circumvent the clear intent of this court's prior order and to escape from the unfortunate position in which they find themselves as the result of their own prior omission. While Plaintiffs' motion for summary judgment may therefore technically qualify as "related" and therefore fall within the ambit of Local Rule 220–9, under these circumstances it certainly does not fall within the intended purpose of the rule. Indeed, under these circumstances, Plaintiffs' motion for leave to file mocks the rule's purpose.

## II. Interaction of Local Rule 220–9 and Fed.R.Civ.P. 16

Federal Rule of Civil Procedure 16(b)(2) mandates the entering of scheduling orders limiting the time for filing motions. These scheduling orders not only are required by the civil rules, but they are also essential to the orderly functioning of this court, insuring oversight by the court and a timetable for the major events in the litigation process. Scheduling orders may only be modified "upon a showing of good cause and by leave of the district judge...." Fed.R.Civ.P. 16(b).

■ Here, Plaintiffs' interpretation of Local Rule 220–9 implicitly assumes that the

rule automatically extends the motion filing deadline of February 21, 1995. Plaintiffs are mistaken. While Plaintiffs observe correctly that Local Rule 220–9 "does not condition" a party's right to file a responsive motion (Motion for Leave, at 2), they fail to understand that Rule 16 certainly conditions this right by imposing time limits for the filing of motions. As discussed above, 220–9 merely provides a procedure for the calendaring and expedited briefing of related motions. It in no way automatically extends the scheduling order entered by the magistrate judge. Were this the case, the actual motions filing date would extend until eighteen days before the hearing on the last summary judgment motion filed, an insecure and incongruous time limit at best. This situation would threaten to convert the filing of motions before the deadline into a game of chicken, the party blinking first giving several weeks of preparation to the party holding on longer. At the very least, this would create a strong incentive for filing all motions late in the day on the date of the deadline. For these reasons, the court rejects Plaintiffs' interpretation of Local Rule 220–9 as providing for an automatic extension of the motions deadline set by the Rule 16 scheduling order. As Plaintiffs seek to file a summary judgment motion nearly six weeks after the deadline has passed, their motion for leave to file is DENIED on this basis.

### III. Requirements for Extending Motions Deadline

■ A party seeking an extension of the motion filing deadline may make an application to that effect. Such an application must demonstrate good cause for the party's failure to abide by the deadline. Fed.R.Civ.P. 16(b). Here, the court will save Plaintiffs the effort. Plaintiffs did not see fit to make an application to further extend the motions deadline set by the magistrate judge, perhaps because they believed that Local Rule 220–9 gave them an automatic extension, or perhaps because they were confident that this court would not look kindly on such a request given the recent procedural history of this case. On the latter point, Plaintiffs would be correct.

Having requested an extension of the motion deadline in order to file their motion for summary judgment, Plaintiffs barely missed the extended deadline, then failed by several weeks to file the concise statement of facts required by the local rules, even after a clerk of this court called and warned counsel of their omission. Finally, after Defendant Kiewit filed a motion to strike Plaintiffs' summary judgment motion, Plaintiffs filed a concise statement. This court granted the motion to strike based upon Plaintiffs flagrant disregard of the local rules and this court's efforts to assist Plaintiffs in compliance. Now Plaintiffs flaunt this court's order by attempting to re-file the same motion as a related motion under Local Rule 220–9. Plaintiffs state: "The same strictness with which the Court viewed the Local Rules in its March 31, 1995 ruling supports granting [sic] of plaintiffs' motion for leave." Motion for Leave, at 2. Plaintiffs argue that this court's "stinging rebuke" will continue to serve the Court's purpose of enforcing the Local Rules.

Defendants point out that if this court were to allow Plaintiffs to file their motion now, Plaintiffs would have gained a tactical advantage through the striking of their original motion. Moreover, Defendants submit that they would have only four days to oppose the motion. While the court is cognizant of Defendants' concerns and the prejudice that would be created by granting Plaintiffs' Motion for Leave, this court is less concerned with any tactical advantage than it is with Plaintiffs' apparent misunderstanding of what occurred on March 31. This court's March 31, 1995 Order sanctioned Plaintiffs by striking their motion for summary judgment. If this court meant only to rebuke Plaintiffs and to lecture them on the importance of the local rules, it could have done so and allowed their motion. Instead, this court specifically found a willful violation of the rules and imposed a stiff sanction against Plaintiffs for that violation. Therefore, not only are Plaintiffs mistaken concerning the interrelation of Federal Rule of Civil Procedure 16 and Local Rule 220–9, they also mistake the scope and intent of this court's original ruling: their motion for summary

**430**

judgment was stricken. Local Rule 220-9 will not change that fact.

*CONCLUSION*

For the reasons stated above, the court DENIES Plaintiffs' Motion for Leave to File Related Motion for Summary Judgment.

IT IS SO ORDERED.